Christopher A. Sproul (Bar No. 126398)
Jodene Isaacs (Bar No. 226895)
Environmental Advocates
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695
Email: csproul@enviroadvocates.com
jisaacs@enviroadvocates.com

Michael A. Costa (Bar No. 219416)
3848 Sacramento St. #2
San Francisco, CA 94118
Telephone: (415) 342-0042
Email: mike@ocefoundation.org

Patricia Weisselberg (Bar No. 253015)
Law Office of Patricia Weisselberg
115 Oakdale Avenue
Mill Valley, CA 94941
Telephone: (415) 388-2303
Email: pweisselberg@wans.net

Attorneys for Plaintiffs
OUR CHILDREN 'S EARTH FOUNDATION and
ECOLOGICAL RIGHTS FOUNDATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR CHILDREN 'S EARTH FOUNDATION, a non-profit corporation, and ECOLOGICAL RIGHTS FOUNDATION, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, PENNY PRITZKER, as Secretary of Commerce, WILLIAM STELLE as Regional Administrator of the National Marine Fisheries Service West Coast Region,<br>Defendants. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>FREEDOM OF INFORMATION ACT CASE |

Our Children's Earth Foundation ("OCE") and Ecological Rights Foundation ("ERF") (collectively, "Plaintiffs") allege as follows:

**INTRODUCTION**

1. Plaintiffs bring this action under the Freedom of Information Act ("FOIA"), which allows an aggrieved party to seek relief when documents are unlawfully withheld, and authorizes a reviewing court to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B). Plaintiffs seek declaratory and injunctive relief for FOIA violations by the National Marine Fisheries Service ("NMFS"). At issue in this case is an April 24, 2015 FOIA request ("Request") to NMFS seeking documents related to NMFS's regulatory oversight of Stanford University ("Stanford")'s operations and infrastructure that adversely impact steelhead trout which are listed as a threatened species under the Endangered Species Act ("ESA"). Plaintiffs allege that NMFS failed to provide a final determination concerning requested documents within the statutory time limit. NMFS's failure to comply with FOIA's statutory deadline has thwarted Plaintiffs' efforts to timely receive current information in NMFS's possession and has hampered Plaintiffs' efforts to serve as an effective public interest watchdog over NMFS's regulation of Stanford's steelhead harming activities and infrastructure.

**JURISDICTION**

2. This Court has subject matter jurisdiction under 5 U.S.C. section 552(a)(4)(B), which allows an aggrieved party to seek relief when documents are unlawfully withheld, and authorizes a reviewing court to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant.

3. This Court has personal jurisdiction over NMFS, which is an agency of the federal government, and the named parties, who are officials of the federal government, operating within the United States.

**VENUE**

4. Venue in the United States District for the Northern District of California is proper under 5 U.S.C. section 552(a)(4)(B) because the complainants have their principal place of business in the

COMPLAINT FOR DECLARATORY                1
AND INJUNCTIVE RELIEF

Northern District, and many of the records sought by complainants are most likely situated in the NMFS office located at 777 Sonoma Avenue, Santa Rosa, California--which is located within the Northern District.

**INTRADISTRICT ASSIGNMENT**

5. Intradistrict assignment of this matter to the San Francisco Division of the Court is appropriate pursuant to Civil Local Rule 3-2(e) because OCE and the Plaintiffs' counsel reside in San Francisco County and many of the documents sought by Plaintiffs' FOIA claim are likely located in Sonoma County.

**THE PARTIES**

6. Our Children's Earth Foundation ("OCE") is a non-profit corporation based in San Francisco, California dedicated to protecting the environment, including the San Francisco Bay Area. OCE promotes public awareness of domestic and international environmental impacts through information dissemination, education, and private enforcement of environmental protection statutes. OCE enforcement cases aim to achieve public access to government information, ensure proper implementation of environmental statutes and permitting, and enjoin illegal violations. OCE has an active membership of people from all over the United States with a majority of its members residing in the San Francisco Bay Area.

7. Ecological Rights Foundation ("ERF") is a non-profit, public benefit corporation, organized under the laws of the State of California, devoted to furthering the rights of all people to a clean, healthful and biologically diverse environment. To further its environmental advocacy goals, ERF actively seeks federal and state agency implementation of state and federal water quality related laws, and as necessary, directly initiates enforcement actions on behalf of itself and its members.

8. Defendant NMFS, a branch of the National Oceanic and Atmospheric Administration, a division of the Department of Commerce, is the agency of the United States Government responsible for administering and implementing the ESA for anadromous fisheries and generally is responsible for the stewardship of the nation's living marine resources and their habitat.

9.  Defendant Penny Pritzker, Secretary of Commerce, is sued in her official capacity only. If ordered by the Court, Ms. Pritzker has the authority and ability to remedy the harm inflicted by NMFS's actions.

10.  Defendant William Stelle, Regional Administrator of NMFS's West Coast Region, is sued in his official capacity only. If ordered by the Court, Mr. Stelle has the authority and ability to remedy the harm inflicted by NMFS's actions.

## STATUTORY BACKGROUND

11.  The Freedom of Information Act requires that an agency, upon any request for records, shall make the records available promptly. 5 U.S.C. § 552(a)(3)(A). An agency shall make a determination whether to comply with a request within twenty (20) business days after the receipt of the request and shall immediately notify the party making the request of such determination, the reasons for the determination, and the party's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i). In unusual circumstances, the agency may extend the time for the determination, for no more than ten (10) days, by written notice to the party, specifying the reasons for the extension and the date on which the determination is expected to be sent. 5 U.S.C. § 552(a)(6)(B)(i). Unusual circumstances means (1) the need to search for and collect requested records from field facilities or other establishments separate from the office processing the request; (2) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records; or (3) the need for consultation with another agency or agency component having a substantial interest in the determination of the request. *Id.* Consultation with another agency shall be conducted with all practicable speed. 5 U.S.C. § 552(a)(6)(B)(iii)(III).

12.  Federal agencies are under a duty to conduct a reasonable search for records responsive to a party's request using methods that can be reasonably expected to produce the information requested to the extent they exist. 5 U.S.C. § 522(a)(3)(C).

13.  FOIA requires that an agency disclose records to any person except where the documents fall under a specifically enumerated exemption. 5 U.S.C. § 552(b). When an agency decides to withhold records under a claim of exemption it must notify the person making such request of such determination

and the reasons therefor. 5 U.S.C. § 552(a)(6)(A)(i). Government agencies bear the burden of proof to show that any withheld documents are exempt from the duty to disclose. 5 U.S.C. § 522(a)(4)(B).

14. A party may appeal to the head of the agency any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i). An agency shall make a determination with respect to any appeal within twenty (20) business days after the receipt of such appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

15. If an agency does not respond within the FOIA time limits, a party will be deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## FACTUAL BACKGROUND

16. In keeping with their organizational purposes, Plaintiffs have sent NMFS a series of FOIA requests seeking up-to-date information about NMFS's exercise of regulatory oversight of various activities and infrastructure conducted or maintained by Stanford that is adversely impacting critical habitat for Central California Coast steelhead ("steelhead"), a threatened species listed for protection under the ESA. As public interest environmental organizations, Plaintiffs remain concerned that despite years of documentation that Stanford's activities and infrastructure are harmful to steelhead, NMFS has done little to require Stanford to change its ways. Plaintiffs sent their FOIA requests to learn more about what Stanford could do to curb its harms to steelhead and what NMFS was doing or planning to do to exercise its regulatory authority in a fashion that would halt these harms. Plaintiffs have intended to use this information to advocate publicly for greater NMFS involvement in addressing these environmental harms and to otherwise advocate for actions to preserve steelhead in the creeks flowing in and around Stanford. For these purposes, it has remained critically necessary for Plaintiffs to timely receive current information in NMFS's possession about these topics. Without current information, Plaintiffs are hampered, possibly even entirely thwarted, in their efforts to serve as an effective public interest watchdog over NMFS regulation of Stanford's steelhead harming activities and infrastructure.

17. The FOIA request at issue in the present case was sent on April 24, 2015. Eight previous FOIA requests to NMFS seeking information related to NMFS's regulatory oversight of Stanford are the subject of *Our Children's Earth Foundation*, *et al*. *v. National Marine Fisheries Service, et al.*("OCE v. NMFS I"), Civil Case No. 3:14-cv-01130-SC (N.D. Cal. 2014), and *Our Children's Earth Foundation*, *et*

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

4

*al. v. National Marine Fisheries Service, et al.("OCE v. NMFS II"),* Civil Case No. 3:14-cv-04365-SC (N.D. Cal. 2014). NMFS failed to respond to all eight of these FOIA requests by FOIA's deadline for issuing final determinations as to how it would respond to these requests.

18. The 20 business-days deadline for NMFS's final determination for Plaintiffs' Request was May 22, 2015. NMFS did not meet this deadline. Instead, NMFS requested a ten business-days extension pursuant to 15 C.F.R. § 4.6(c), which extended the statutory deadline for NMFS's final determination to June 8, 2015. NMFS did not meet this deadline either. Instead, NMFS has sent correspondence to Plaintiffs indicating that NMFS's response to Plaintiffs' Request would be complete sometime after this date.

## FIRST CLAIM FOR RELIEF
## NMFS Violation of FOIA
## 5 U.S.C. §§ 552(a) and (b)

**Request for Declaratory Relief and Injunction to Compel NMFS To Comply with FOIA Deadlines**

19. Plaintiffs reassert and reallege paragraphs 1 though 18 above.

20. NMFS has violated 5 U.S.C. §§ 552(a)(6)(A) and (B) by failing to provide a final determination concerning Plaintiffs' Request by the statutory deadline. 5 U.S.C. § 552(a)(6)(A)(i) is plain: within 20 business days of the date that a FOIA request is received federal agencies must provide a determination that (1) informs the requester as to the disposition of its request, *i.e.*, whether documents will be provided or withheld and if the latter, why, and (2) that informs the requester of a right to appeal any decision not to provide requested documents. Federal agencies at most can extend this 20 business-days deadline by an additional 10 business days by informing the requester in writing (1) that "unusual circumstances" necessitate such an extension and (2) when the agency will respond. 5 U.S.C. § 552(a)(6)(B)(i). NMFS invoked § 552(a)(6)(B)(i)'s unusual circumstances provision to extend the statutory deadline for the final determination for Plaintiffs' Request to June 8, 2015. However, NMFS did not provide a final determination by the statutory deadline.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

COMPLAINT FOR DECLARATORY               5
AND INJUNCTIVE RELIEF

1  a. A declaratory judgment pursuant to 5 U.S.C. § 552 that NMFS violated FOIA by failing to provide a final determination for Plaintiffs' Request in accordance with FOIA's statutory deadline.

b. An injunction pursuant to 5 U.S.C. § 552(a)(4)(B) ordering NMFS to: 1) immediately provide a final determination for Plaintiffs' pending Request and immediately produce all non-exempt, responsive documents; 2) provide final determinations for Plaintiffs' future FOIA requests within the statutory deadlines; and 3) produce all non-exempt documents responsive to Plaintiffs' future FOIA requests within 30 business days of NMFS's final determination, including those responsive documents in NMFS's possession which originated with a different federal agency.

c. An award of attorneys fees and costs to the Plaintiffs pursuant to 5 U.S.C. § 504(a), and/or 5 U.S.C. § 552(a)(4)(E); and

d. Such other and further relief as this Court deems just and proper.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Based on Plaintiffs' knowledge to date, pursuant to Civil Local Rule 3-16, the undersigned certifies that, as of this date, other than the named parties, there is no such interest to report.

Respectfully Submitted,

Dated: June 9, 2015

By:   */s/ Patricia Weisselberg*
      _____
      Patricia Weisselberg
      Counsel for Plaintiffs
      Our Children's Earth Foundation and
      Ecological Rights Foundation

COMPLAINT FOR DECLARATORY       6
AND INJUNCTIVE RELIEF